**TISHMAN REALTY & CONSTRUCTION CO., INC., Plaintiff,**

v.

**DELTA TOWERS JOINT VENTURE et al., Defendants.**

**No. 76 Civ. 714(MP).**

United States District Court,
S. D. New York.

July 23, 1976.

Rosenman, Colin, Freund, Lewis & Cohen, by Max Freund, and David Cohen, New York City, for plaintiff.

Hughes, Hubbard & Reed, by Alan H. McLean, New York City and Latham & Watkins, Los Angeles, Cal., for defendants.

OPINION

POLLACK, District Judge.

Defendants, who include the past and present owners of the California Theme Towers construction project and their parent corporations (hereafter "the owners"), move for a stay of this diversity action pending determination of a series of suits previously commenced in California Superior Court which include all the issues presented and parties herein. In the alternative, they seek transfer of this action to the Central District of California. 28 U.S.C. § 1404(a).

Plaintiff (hereafter "Tishman"), is the general contractor on the project and is the defendant in an action entitled *Bethlehem Steel Corporation v. Tishman Realty & Construction Co., Inc.*, 72 F.R.D. 33 (S.D. N.Y.1976), (hereafter "the Bethlehem action") previously filed in this Court by the unpaid supplier of steel to the project, Bethlehem Steel Corporation. Tishman opposes the motion for a stay of this suit only in the event that its concurrent motion for a stay of the Bethlehem action is denied. In the alternative, if the Bethlehem action in this Court is not stayed, Tishman seeks

consolidation of both cases before this Court. As a further alternative in the Bethlehem suit, Tishman sought, for the second time, to implead the owners therein.

In an opinion filed in the Bethlehem action, the Court granted Tishman's request for a stay of proceedings therein pending determination of the California cases, on conditions imposed for that stay.

On due consideration of all the relevant factors and the equities involved, the Court is persuaded that a stay of this suit should be granted at all events pending determination of Tishman's earlier commenced claims in California against the defendants herein, regardless of whether Tishman accepts the conditions for a stay of the Bethlehem case.

The complaint in this action was brought in this Court shortly after the denial of Tishman's first motion for impleader of the owners in the Bethlehem action. (For a more complete account of the procedural history of the Bethlehem action see the opinion filed this date in *Bethlehem Steel Corporation v. Tishman Realty & Construction Co., Inc., supra.*) The complaint herein seeks indemnification for, and a declaratory judgment that the owners are liable to Tishman for, any amount Bethlehem may recover from Tishman and any amount of backcharges Tishman has claimed against Bethlehem that are not recovered from Bethlehem. Tishman also claims in the complaint that the owners materially breached their contract with Tishman, the warranties covering the plans for the project, and their implied agreement to accept performance bonds; and that it (Tishman) entered into a change order under the contract in reliance on material mistakes of fact and as a result of economic coercion and threats. For this last set of alleged acts of harm, Tishman seeks its general contractor's fee under the contract and compensatory and punitive damages.

Under the initial contract with Tishman, the owners agreed to pay the general contractor a guaranteed maximum price (including the general contractor's fee) of $109,487,395. As a result of extra work tickets submitted to and approved by the owners, the guaranteed maximum price has risen to $110,765,314. ($109,975,129. of which has been paid to Tishman).

The owners have submitted affidavits and exhibits indicating that this $109,975,129. payment to Tishman includes all the monies requested for completion of the structural steel work (concerning which Bethlehem filed a motion for partial summary judgment in its suit against Tishman [1]). Tishman responds to these assertions by claiming that it had a right to allocate payments from the owners as it chose, and that the owners well knew that Bethlehem would not be paid in full for its structural steel work when they made their payments to Tishman. However, Tishman's alleged list of subcontractors to be paid out of the owners' payments, which list Tishman claims to have submitted to the owners with its requisition and now to the Court on these motions, is nowhere to be found in the mass of papers presented to the Court. Tishman's papers allege that this list of subcontractors, not filed herein, does not contain Bethlehem's name.

Several months after it filed its suit in this Court against Tishman on its five alleged subcontracts, Bethlehem filed suit in California Superior Court to protect its mechanic's liens against the bar of the California statute of limitations. These California claims derive from Bethlehem's subcontracts. Since then, various other parties (seemingly all) involved in the construction project disputes, including the Michigan architect (over whom this Court would apparently not have jurisdiction) and a number of other subcontractors, have either been joined in the California litigation or have started California state court suits on their own.

---

1. Bethlehem sought summary judgment in the amount of $3,483,811.81, the amount it claims remains as a contract balance under its alleged subcontract for structural steel. For the reasons that appear therein, that motion was denied in *Bethlehem Steel Corporation v. Tishman Realty & Construction Co., Inc., supra.*

It is undisputed that a complaint filed by Tishman against the owners in the Bethlehem California litigation is virtually identical to, and contains all the issues set out in, the complaint here. That complaint also seeks to foreclose a $12,680,000. mechanic's lien. In addition, in a suit brought by another Tishman subcontractor, the owners have filed a complaint against Tishman for breach of their contract and indemnification.

The owners assert, and Tishman does not dispute: (1) that the pending California state suits involve all the allegedly indispensable parties to the construction project disputes (including many not subject to suit here); (2) that more complete relief concerning these disputes can be granted by the California state courts; (3) that the New York federal court and California state court actions on this general contract involve identical facts; both turn exclusively on issues of state law; both are at similar procedural stages and will (if the stay is not granted) move in a parallel fashion; and (4) that the disputes involved in this federal action can be more conveniently litigated in the California court, the alleged locus of witnesses and documents in respect to the critical matters herein and the site of the project.

It is, therefore, clear that the only point of contention relevant to the Court's consideration of this request for a stay is the owners' assertion that a stay of this federal court action against them would in no way adversely affect the Bethlehem action in this Court against Tishman or otherwise prejudice Tishman. (For an analysis of the Court's power to stay an action pending state court litigation and a description of the factors relevant to the exercise of that power, most of which factors are covered by the undisputed matters in this case, see *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, 390 F.Supp. 824 (S.D.N.Y.1975); *Bethlehem Steel Corporation v. Tishman Realty & Construction Co., Inc., supra.*) [2]

While it is true that Tishman seeks indemnification from the owners for any liability it has to Bethlehem,[3] the Court is convinced that no prejudice sufficient to prevent the requested stay is presented here. There is substantial evidence that Tishman has already been paid by the owners for the steel supplied by Bethlehem. Any indemnification claim for further moneys due Bethlehem can be resolved along with the many other issues being raised by the parties in the California suits, and Tishman's claims are all sufficiently complex so that their joinder with the other complex issues raised in the California suits will cause no prejudicial delay to those Tishman claims. Given the undisputed facts pointing to the justification for a stay and in light of the fact that it is reasonably within Tishman's power to avoid whatever burdens would be placed on it by a stay of this but not of Bethlehem's case,[4] it is plain that a stay hereof is warranted.

Based in part on the indication on the record before it that Tishman has received payments from the owners for the structural steel work but has not passed those payments on to Bethlehem and based in part on questions involving Tishman's prospective financial reorganization, the Court has conditioned any stay of the Bethlehem action on Tishman's posting of a bond. The record herein contains no similar indication suffi-

---

**2.** It is noteworthy that, in addition to the many factors that are set out in *Universal Gypsum* and are undisputed here, some courts have found the order of filing of the state and federal actions relevant. Bethlehem's California suits were filed well before this federal action by Tishman and Tishman's claim in California against the owners was filed contemporaneously with this suit.

**3.** Tishman argues that, because it seeks indemnification in this suit for any liability imposed on it in the Bethlehem action before this Court,

a stay of the former action but not the latter would subject it to inconsistent judgments.

**4.** A Tishman officer, Robert Tishman, has submitted two affidavits to the Court asserting that "Tishman is able to respond to any judgment which Bethlehem can obtain in this Action." The amount of Tishman's possible exposure in the Bethlehem suit is well over the amount of the bond required as a condition for a stay of that action.

cient to suggest the need for the owners to post a bond or meet any other condition before the granting of a stay in this action.

Accordingly, the motion for a stay is granted and further proceedings herein shall be stayed pending determination of Tishman's suit against the defendants in the California courts or until further order of this Court. The remaining motions are mooted and are dismissed accordingly.

SO ORDERED.

